IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMER CHARAF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-1473-D |
| | § | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action, *pro se* plaintiff Samer Charaf ("Charaf") seeks to compel defendants to adjudicate his I-485 application. Defendants move under Fed. R. Civ. P. 12(b)(1) to dismiss claims brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*., and the Mandamus Act, 28 U.S.C. § 1361. For the reasons that follow, the court grants defendants' Rule 12(b)(1) motion and also grants Charaf leave to replead.

I

Charaf—a non-U.S. citizen who resides in the United States—filed on December 10, 2024 an I-485 application to adjust his status based on his lawful marriage to a United States citizen. Charaf filed this suit on May 7, 2026, alleging that more than one year and five months had passed since he submitted the I-485 application and a decision has not yet been issued. Charaf sues under the APA and the Mandamus Act to compel action to adjudicate the application. Defendants move to dismiss the APA and Mandamus Act claims under Rule

12(b)(1). The court is deciding the motion on the briefs, without oral argument.

II

Defendants contend that the Immigration and Nationality Act ("INA") strips the court of jurisdiction to hear Charaf's claims. Section 1252(a)(2)(B)(ii) of the INA provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1255(a), in turn, provides that the "status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). Section 1252(a)(2)(B)(ii) bars courts from reviewing "discrete acts undertaken to render an adjustment decision and the timing of those acts." *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024). This includes the pace at which applications are adjudicated. *See id.* Moreover, § 1252(a)(2)(B)'s provisions apply "[n]otwithstanding . . . Title 28 . . . section[ ] 1361 [the Mandamus Act]." 8 U.S.C. § 1252(a)(2)(B).

Charaf's claims under the APA and the Mandamus Act are to remedy what he maintains is an unreasonable delay in the adjudication of his I-485 application. His claims seek judicial review of the discretionary actions of the United States Citizenship and Immigration Services, which are squarely within the INA's jurisdiction stripping provision. *See Cheejati*, 106 F.4th at 394. Because the court lacks jurisdiction to review Charaf's APA

and Mandamus Act claims, it grants defendants' Rule 12(b)(1) motion to dismiss. *See Nichenametla v. Edlow*, 2026 WL 2160546, at *2 (N.D. Tex. July 27, 2026) (Fitzwater, J.) (dismissing plaintiff's APA and Mandamus Act claims to adjudicate I-485 application on similar grounds).

III

Although the court is granting defendants' motion to dismiss, Charaf is proceeding *pro se* and has not yet been given "one more opportunity to plead his best case." *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.). Accordingly, the court grants Charaf leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed. "If [he] replead[s] but do[es] not state a claim over which this court has subject matter jurisdiction . . . parties whom [he] sue[d] may move for appropriate relief." *Little v. Tex. Atty. Gen.*, 2014 WL 5039461, at *3 (N.D. Tex. Oct. 9, 2014) (Fitzwater, C.J.).

* * *

For the reasons explained, the court grants defendants' Rule 12(b)(1) motion to dismiss and grants Charaf leave to replead.

**SO ORDERED**.

September 17, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE